IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VILIAMI LOUMOLI,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>              Defendant. | ORDER AND MEMORANDUM DECISION<br><br><br>Case No. 2:16-cv-713-TC |

On August 28, 2020, Villiami Loumoli filed a motion for designation of the record of appeal (ECF No. 17.) Mr. Loumoli, who has appealed this court's dismissal of his § 2255 Motion (ECF No. 12) to the Tenth Circuit Court of Appeals, requests the court to designate the record on appeal. He asks that the record include a transcript of the change of plea hearing held on September 22, 2008 before this court, the Presentence Report and objections to it, a transcript of the sentencing held on January 15, 2009 before this court, and all pleadings related to his § 2255 Motion.

The court denies Mr. Loumoli's motion because the filings he requests are already included in the record on appeal, and it is his responsibility to order the transcripts he requests.

Federal Rule of Appellate Procedure 10(a) states that the following items constitute the record on appeal: the original papers and exhibits filed in the district court; the transcript of proceedings, if any; a certified copy of the docket entries prepared by the district clerk. In Mr. Loumoli's case, the Clerk's Office will coordinate the transfer of all documents related to Mr. Loumoli's § 2255 case, 2:16-cv-713, and his underlying criminal cases, 2:08-cr-431 and 2:08-cr-499.

Rule 10(b) mandates that it is the appellant's duty to order transcript of proceedings: "Within 14 days after filing the notice of appeal . . . the appellant must do either of the following:

(A) order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary, subject to a local rule of the court of appeals and with the following qualifications:

(i) the order must be in writing;

(ii) if the cost of the transcript is to be paid by the United States under the Criminal Justice Act, the order must so state; and

(iii) the appellant must, within the same period, file a copy of the order with the district clerk; or

(B) file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b).

It is Mr. Loumoli's responsibility to order the transcripts he requests from the court reporter.[1] As an indigent prisoner, Mr. Loumoli "does not have a constitutional right to a free transcript, but he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issues presented in his case." See 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 325–27 (1976) (plurality opinion); United States v. Bledsoe, No. 3:16-CR-11, 2019 WL 1474001, at *1 (E.D. Tenn. Apr. 3, 2019). If Mr. Loumoli would like to apply for a transcript voucher, he should contact the Clerk's Office about filling out form CJA 24.[2]

---

[1] Court reporter Ray Fenlon recorded the proceedings for which Mr. Loumoli requests transcripts. Information about how to contact Ray Fenlon and order transcripts can be found on the court's website. See United State District Court District of Utah, Court Reporters/Transcripts, https://www.utd.uscourts.gov/court-reporters-transcripts (last accessed September 23, 2020.)

[2] See United States Courts, Authorization and Voucher for Payment of Transcript, https://www.uscourts.gov/forms/vouchers/authorization-and-voucher-payment-transcript (last accessed September 23, 2020.)

**CONCLUSION**

For the above reasons, Mr. Loumoli's motion to designate the record on appeal (ECF No.

17) is denied.


SO ORDERED this 24th day of September, 2020.


_____
TENA CAMPBELL
United States District Court Judge